# Freedman v. Philadelphia Tax Review Board, Appellant.

Argued November 14, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *Frank J. Pfizenmayer,* Assistant City Solicitor, *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellant.

*Marvin J. Levin,* with him *Freedman, Borowsky and Lorry,* for appellee.

OPINION PER CURIAM, April 23, 1969:
Order affirmed by an evenly divided Court.
Mr. Justice ROBERTS would affirm on the unanimous opinion of the Superior Court.

------

DISSENTING OPINION BY MR. JUSTICE COHEN:
The sole issue involved in this matter is whether a limited partner's share of income earned by a partnership is subject to Philadelphia Net Profits Tax. The Tax Review Board and the trial court held this to be earned income and therefore taxable under the Philadelphia Code, §19-501 et seq. The Superior Court reversed.

Our Court now adopts the Superior Court's determination and analogizes the income of a limited partnership allocated to a partner to dividends of a corporation. I think our Court is in error in so doing. A corporation pays a tax on its earnings before it de-

clares dividends. A partnership pays no tax—the tax on its earnings is paid through the partners; for taxing purposes the partnership is but a pass through device. Thus the majority permits the partnership business activity to escape taxation at both the partnership and individual partner levels.

Now a business entity operating as a limited partnership with all of its business conducted in Philadelphia and all of its limited partners residing in Philadelphia does not pay any city tax on the earnings generated by the partnership in Philadelphia and allocated to the limited partners who are residents of Philadelphia.

The federal government makes no distinction in taxing the income of a partnership whether reported by a **general** partner or a limited partner. Nor does it permit a limited partner to exclude $100 from his partnership income as he would be entitled to do if the income were a dividend. We stated in *Tax Review Board v. Brine Corporation*, 414 Pa. 488, 200 A. 2d 883 (1964), that it is the nature of the activity producing the receipt which determines taxability. In *Bankers Securities Corporation v. Philadelphia School District*, 397 Pa. 413, 155 A. 2d 835 (1959), we held that even dividends were taxable where those dividends were derived from a business activity, thus emphasizing that the nature of the activity producing the receipt is the determinative factor.

I dissent.

Mr. Justice EAGEN and Mr. Justice O'BRIEN join in this dissenting opinion.

————

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I join in the dissenting opinion of Mr. Justice COHEN but offer these additional observations.

In *Tax Review Board v. D. H. Shapiro Co.*, 409 Pa. 253, 185 A. 2d 529 (1962), we ruled that income earned by nonresident partners for services performed outside the City of Philadelphia is not taxable under the City of Philadelphia's Net Profits Tax Ordinance even though the office of the partnership itself is located within the city limits. This is necessarily so because the Sterling Act, Act of August 5, 1932, P. L. 45, 53 P.S. §15971 (the authority from which to so tax is derived) restricts the assessment to *persons* residing and transactions occurring within the city limits, and since a partnership is not a separate legal entity, it cannot be considered a "person" within the meaning of the Act. In short, we ruled that the partnership was not a "person" residing in the city and also that Shapiro was not subject to the tax personally on income earned in the partnership outside the city because of his status as a nonresident. We did not say that a partner is not subject to the tax because his activities in the partnership are passive. The present case, therefore, is not ruled by *Shapiro*, supra, and I personally find nothing in the Sterling Act to justify proscribing the imposition of the tax merely because of the nature of the activities of the individual partners. Also, the ordinance itself certainly evidences no such restriction.

Finally, the decision of the Superior Court in the instant case, which is now affirmed by a Majority of this Court, goes far beyond the intent of the legislature expressed in the Sterling Act and may well lead to serious ramifications in determining the valid scope of other municipally imposed taxes.

Mr. Justice COHEN and Mr. Justice O'BRIEN join in this dissenting opinion.