416 So.2d 866 (1982)
Jack KLEIN, Appellant,
v.
MEGA TRADING, LIMITED, a Florida Limited Partnership, by and through Gary D. Hochman, a General Partner, Appellees.
No. 81-1960.
District Court of Appeal of Florida, Third District.
July 13, 1982.
Rice, O'Dell & Goldman, Orlando, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Ronald P. Weil, Miami, for appellees.
Before BARKDULL, HENDRY and JORGENSON, JJ.
PER CURIAM.
Mega Trading, Ltd., a Florida limited partnership, sued Jack Klein, a New Jersey resident. Service of process was made pursuant to Section 48.181, Florida Statutes (1979). Jack Klein appeared specially and timely moved to quash the service alleging, among other things, that mere investment in a Florida limited partnership is not sufficient minimum contact which satisfies due process requirements under the statute. We agree and reverse.
On or about January 28, 1981, Klein purchased an interest in Mega Trading, Ltd. as a limited partner. By the terms of the limited partnership agreement, Klein's only contact with Florida was his initial contribution to the partnership. The purchase of an interest in a limited partnership is analogous to the purchase of stock in a corporation. Freedman v. Tax Review Board of City of Philadelphia, 212 Pa.Super. 442, 243 A.2d 130 (1968), aff'd, 434 Pa. 282, 258 A.2d 323 (1969). While we find no Florida authority directly on point, we conclude that the contacts created by an investment in a Florida limited partnership are no greater than those of the non-resident corporate officer and director of a Florida company described in Unterman v. Brown, 169 So.2d 522 (Fla. 2d DCA 1964). See also Uible v. Landstreet, 392 F.2d 467 (5th Cir.1968).
For the foregoing reasons, the order denying the motion to quash is reversed.
Reversed.