456 A.2d 1077

NORTHAMPTON VALLEY CONSTRUCTORS, INC., Appellant

v.

HORNE–LANG ASSOCIATES, John J. McIlhinney, Frank B. Capone, Harold Carr, John Coletti, Robert Coyle, Joseph DiLarso, Edward Dougherty, Edward Duff, Spero Ferentinos, Eugene Garrity, Joseph Glancey, Joseph Grimes, Raymond Kelly, Howard Mattson, Joseph V. McIlhinney, Dominic Megaravo, Joseph Ryan, Priscilla Carr and Nancy Duff.

Superior Court of Pennsylvania.

Argued Nov. 16, 1981.

Filed Feb. 25, 1983.

Stephen I. Weiss, Langhorne, for appellant.

Richard T. Abell, Ambler, for Carr, Duff and Grimes, appellees.

Werner H. Von Rosenstiel, Philadelphia, for Kelly, appellee.

John J. Connors, Southampton, for Ryan, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

We here consider an appeal from an order of the Common Pleas Court of Bucks County which sustained preliminary objections in the nature of a demurrer and dismissed the complaint as to eighteen of the named defendants. We affirm.

Plaintiff-appellant Northampton Valley Constructors, Inc. brought suit against the following parties: Horne-Lang

Associates (Horne-Lang), a Pennsylvania limited partnership; John J. McIlhinney, the general partner of Horne-Lang; and the eighteen limited partners of Horne-Lang. Ten of the limited partners filed preliminary objections, four others filed answers to the complaint, and the remaining four limited partners were never served. The Common Pleas Court sustained the preliminary objections and dismissed the complaint as to all of the limited partners named in the suit.

We are guided in our review of this case by the principles enunciated by the distinguished Pennsylvania Supreme Court Justice Robert N.C. Nix, Jr. in *Sinn v. Burd,* 486 Pa. 146, 149–50, 404 A.2d 672, 673–74 (1979):

> It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

The within complaint alleges that appellant and Horne-Lang entered into a contract whereby appellant agreed to provide the labor, material and equipment necessary to install a sanitary sewer system, a portable sewer system and a storm sewer system on land owned by Horne-Lang in return for the payment by Horne-Lang of $363,753.00. The complaint further alleges that appellant fully performed under the contract, that Horne-Lang breached the contract by non-payment, and that Horne-Lang owes appellant $186,426.07 plus interest. Count three of the complaint alleged

that the limited partners were de facto general partners and, therefore, were liable to the appellant as if they were general partners.

■ A limited partnership is a creation of our legislature and "[i]t permits a manner of doing business whereby individuals may invest their money free of the fear of unlimited liability and of the responsibilities of management." *Freedman v. Tax Review Board of City of Philadelphia*, 212 Pa.Super. 442, 449, 243 A.2d 130, 135 (1968), *aff'd.*, 434 Pa. 282, 258 A.2d 323 (1969). The pertinent statute, the Uniform Limited Partnership Act, 59 Pa.C.S.A. § 501 *et seq.*, Act of Dec. 19, 1975 (P.L. 524, No. 155),[1] provides:

§ 511. Limited partnership defined

A limited partnership is a partnership formed by two or more persons under the provisions of section 512 (relating to formation), having as members one or more general partners and one or more limited partners. The limited partners as such shall not be bound by the obligations of the partnership.

§ 512. Formation

(a) General rule.—Two or more persons desiring to form a limited partnership shall:

(1) Sign a certificate, which shall state:

.　　.　　.　　.　　.

(vii) The additional contributions, if any, agreed to be made by each limited partner, and the times at which or events on the happening of which they shall be made.

The certificate of the limited partnership we here study contains, pursuant to § 512(a)(1)(vii), the following provision concerning additional contributions:

No additional contributions have been agreed to be made. However, additional contributions are required if the Gen-

---

**1.** Although the limited partnership we here consider was formed under the provisions of the Act of April 12, 1917 (P.L. 55 No. 37), section 502 of the 1975 Act, 59 Pa.C.S.A. § 502, provides that limited partnerships formed under the provisions of the 1917 Act should be governed by the 1975 Act.

eral Partner determines that the partnership requires additional funds to meet the obligations of the partnership.

It must be emphasized that this claim against the limited partners is exerted by a creditor of the partnership and not by the partnership. A creditor may pursue a claim against a limited partner as a general partner only in the limited circumstances prescribed by § 521 of the Act, namely, when the limited partner "takes part in the control of the business". Appellant did not, however, allege and does not now argue that the limited partners took part in the control of the business.

This claim against the limited partners, made by appellant as a creditor of the partnership, is based upon the aforementioned provision of the partnership certificate concerning additional contributions. Appellant contends that, as a result of this provision, the limited partners were de facto general partners and argues that, since the general partner could have and should have called upon the limited partners to provide additional capital to the partnership in order to pay the creditors of the partnership, the limited partners are liable to creditors for the debts of the partnership over and beyond their investment. Appellant asserts that since "the limited partners have committed to make their investment equal the obligations, they are bound for that sum not because they are bound beyond the limit of their commitment but because their commitments equal those obligations." (Brief of Appellant at p. 13). The premise for this assertion is, however, simply not correct since the limited partners did not commit to make their investments in the partnership equal to the obligations of the partnership; nor does the clear meaning of the plain language concerning additional contributions permit interpretation, let alone allow the inference urged by appellant.

■ Appellant does allege in the complaint that "the General Partner determined that the partnership required additional funds to meet the obligations of the partnership" and, as we have earlier noted, we are obliged to accept that

averment as a fact. Nonetheless, whatever liability such a determination by the general partner may have imposed upon the limited partners in favor of the partnership[2], we are not persuaded that the limited partners thereby became as equally liable to creditors as were the general partner and the partnership.

Order affirmed.