557 A.2d 447

Commonwealth of Pennsylvania, Department of Revenue for The Bureau of Accounts Settlement *v.* Patrick J. McKelvey, Peter Bradley, t/a Different Spokes. Peter Bradley, t/a Different Spokes, Appellant.

Submitted on briefs March 8, 1989, to President Judge CRUMLISH, JR., and Judges CRAIG, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*John R. Kell,* for appellant.

*Mark O. Prenatt,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BARRY, April 21, 1989:

Peter Bradley appeals an order of the Court of Common Pleas of Delaware County which denied his petition to strike a tax lien entered by the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax (Bureau).

Bradley and Patrick McKelvey entered into a partnership agreement to start a business, known as Different Spokes, which made retail sales of bicycles to the general public. A partnership agreement was executed. Bradley

was a limited partner investing $18,000.00 from his life savings earned as a school teacher. McKelvey was named as a general partner. In 1986, McKelvey defaulted on an installment payment due to Bradley. Bradley went to the business location and allegedly discovered that McKelvey had fraudulently operated Different Spokes and converted the assets to his own use. During a title search, Bradley also discovered that the Bureau had imposed a lien on his property in the amount of $27,974.21 for delinquent sales taxes and interest incurred by the bicycle business. Bradley petitioned the trial court to strike the lien alleging that he never received notice from the Bureau that Different Spokes was delinquent in paying its taxes or that the lien was entered against his property. The trial court limited its inquiry to the question whether Bradley had received notice. Bradley testified that he was a limited partner, that he lent McKelvey $18,000.00 dollars and that Different Spokes was operated only by McKelvey. The appellant offered no testimony to prove that a limited partnership had been filed with the Department of State as required by the Uniform Partnership Act, 59 Pa. C. S. §512. Both Bradley and the Bureau identified the Application for Sales, Use and Motel Occupancy License which listed the principle place of business of Different Spokes as 1101 Lincoln Avenue, Prospect Park, Pennsylvania. On the application Bradley is named as a limited partner and McKelvey as a general partner. Bradley testified that McKelvey submitted this form without his knowledge. The Bureau presented evidence of the delinquency assessment and that the notice of this assessment had been sent to 1101 Lincoln Avenue. The trial court found as a fact that the notice was sent and received by Different Spokes at 1101 Lincoln Avenue. Based on this finding, the trial court opined that the Bureau's mailing of the notice to the business was suffi-

cient notice to bind Bradley as the limited partner. Bradley appeals this decision.

Bradley argues that the trial court erred in determining that he was given proper notice of the lien and of the delinquent tax. He contends that the Bureau's failure to personally serve him with notice violates his due process rights. Bradley argues that as a limited partner, he may not be bound by the fraudulent acts of the general partner pursuant to Section 324 of the Uniform Partnership Act, 59 Pa. C. S. §324.

> Section 324 of the Uniform Partnership Act states:
> Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and knowledge of any other partner who reasonably could or should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner.

59 Pa. C. S. §324. We believe that this provision does not shield Bradley from this tax lien.

Before the trial court, Bradley admitted that he was a limited partner in Different Spokes. A partnership is a taxpayer liable for the payment of sales tax. 72 P.S. §7201(e). As found by the trial court the taxpayer was sent notice of the Bureau's assessment pursuant to Section 231(a) of the Code. 72 P.S. 7231(a). After the taxpayer failed to respond to this notice, the Bureau proceeded to enter a lien against Bradley under Section 242 of the Code. 72 P.S. §7242. We see no error in the Bureau's actions. Pursuant to Section 270 of the Code, 72 P.S. §7270, the Bureau is charged with the enforcement of the Sales and Use Tax laws and is authorized and empowered

to promulgate regulations. The Bureau has promulgated a regulation governing service, 61 Pa. Code §35.1(d)(3), which provides:

(3) Service. Service of notice shall conform with the following:

(i) Except as provided in this paragraph, as a prerequisite to a valid determination of personal liability, notice shall be served upon the person assessed by sending a copy of the notice by first-class mail to him at the following places:

(A) At the last known business or home post office address of the person.

. . . .

The Bureau established, by Bradley's own admission, that the notice was properly sent pursuant to this regulation. We believe that this type of notice is sufficient to support the lien entered against Bradley as a limited partner. We recognize that McKelvey may have failed to notify Bradley of the sales tax deficiency or of the lien. However, the legal remedy available to Bradley is an action against his partner for his alleged fraudulent acts, not against the Bureau for assessing sales taxes against the partnership. Section 241 of the Code states

[I]n a proceeding for the collection of such taxes, the person against whom they were assessed shall not be permitted to set up any ground of defense that might have been determined by the department, the Board of Finance and Revenue or the courts: provided, that the defense of failure of the department to mail notice of assessment or reassessment to the taxpayer and the defense of payment of assessment or reassessment may be raised in proceedings for collection by a motion to stay the proceedings.

72 P.S. §7241. Since the Bureau has established that notice was properly sent and that payment is currently delinquent, the trial court did not err in refusing to grant Bradley's petition to strike the tax lien. Accordingly, we affirm the trial court.

## ORDER

NOW, April 21, 1989, the order of the Court of Common Pleas of Delaware County, dated August 24, 1987, entered at Civil Action No. 86-5962 of 1986, is affirmed.

---

### DISSENTING OPINION BY JUDGE COLINS:

I dissent. The majority, in its opinion, has confused the legal role of a "limited partner" versus that of a "general partner." The application for sales, use, and hotel occupancy license, which was admitted as P-1 in the court below, clearly indicates that Mr. Bradley's involvement in the enterprise was that of a "limited partner." As such, Mr. Bradley is entitled to the presumption that he was a bona fide limited partner and entitled to all of the legal rights inuring thereto. The Bureau never notified Mr. Bradley, as an individual, of the proposed assessment and subsequent lien, even though it had his home address, as is reflected in all of the documents relating to the case.

The majority has even stated that "we believe that this type of notice is sufficient to support the lien entered against Bradley as a *limited partner*" (emphasis added). However, the majority then refuses to accept the hornbook law that a limited partner's liability is merely limited to the extent of the partner's capital contribution. *See* Section 531 of the Uniform Limited Partnership Act, 59 Pa. C. S. §531; *Northampton Valley Constructors, Inc. v. Horne-Lang Associates,* 310 Pa. Superior Ct. 559, 456 A.2d 1077 (1983); *Gast v. Petsinger,* 228 Pa. Superior Ct. 394, 323 A.2d 371 (1974); *Freedman v. Tax Review Board*

*of the City of Philadelphia,* 212 Pa. Superior Ct. 442, 243 A.2d 130 (1968), *aff'd per curiam,* 434 Pa. 282, 258 A.2d 323 (1969).

It is uncontested that the trial court found (page 2 of its opinion) that "the facts essential for our review are that Bradley had entered into a partnership agreement, as a limited partner, with Patrick J. McKelvey ..." and goes on to state that Mr. Bradley testified that he was a limited partner only. This statement was supported by all of the testimony of record and every document introduced by the Bureau. Therefore, once Mr. Bradley produced testimony as to his limited partner status, the burden should have then shifted to the Commonwealth to prove that Mr. Bradley was not a bona fide limited partner. The Commonwealth simply failed to present evidence, even though it could have very easily obtained the appropriate certification from the Department of State.

Essential rules of fairness mandate that the Commonwealth be governed by the same rules of evidence as private litigants. To do otherwise would establish this Court as a general ombudsman for the Commonwealth, rather than an impartial tribunal.

Furthermore, as a matter of public policy, the ramifications of this opinion will make it extremely difficult to obtain the necessary financing to continue the economic renaissance in the Commonwealth's major cities, since the limited partnership arrangement is the preferred investment vehicle for the development of commercial real estate.

The majority's reliance on 61 Pa. Code §35.1(d)(3) is totally misplaced, as it is the partnership which is the "person" referred to in the regulation. The egregiousness of this injustice is further compounded by the fact that Mr. Bradley never signed the application for the sales tax license. Mr. Bradley's name was supplied by McKelvey,

gratuitously, under a section entitled "Information of Owners, Individuals, Partners, Corporate Officers."

At the hearing before the trial court, appellant merely sought to be allowed to have an opportunity to argue his case on the merits before the Board of Appeals. It is apparent from a reading of the transcript that the trial court and the attorney representing the Bureau misunderstood the nature of the limited partnership, as can be seen from the following discourse which appears on page 27 of the transcript:

THE COURT: Well, if it's a limited partnership then he [Bradley] is bound by any notice to the general partners.

MR. PRENOTT: I agree with that.

That simply is not the law. Furthermore, the majority in its opinion has not cited any authority to say that it is. By affirming a $27,974.21 tax lien upon an individual, with no proof of personal notice to that individual, we are perpetuating a great injustice.

The liens should be stricken, the decision of the trial court vacated, and the matter remanded for further proceedings with directions that the Bureau personally notify appellant if it seeks that Mr. Bradley be assessed personally.