650 So.2d 207 (1995)
FONTAN ASSOCIATES, INC., Orval E. Sifontes, Samuel H. Jove and Medical Center Parking Associates, Ltd., Appellants,
v.
MEDPARK, INC., Richard C. Rich and Richard A. Rich, Appellees.
No. 94-1879.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Olle, Macaulay & Zorrilla, P.A. and Juan C. Zorrilla and Raymond L. Robin, for appellants.
Abrams, Anton, Robbins, Resnick & Schneider, P.A. and Maurice M. Garcia and Peter R. Siegel, for appellees.
Before SCHWARTZ, C.J., GODERICH and GREEN, JJ.
GREEN, Judge.
Appellees, Medpark, Inc., Richard C. Rich and his son, Richard A. Rich, plaintiffs below, filed a complaint in the circuit court against appellants to dissolve Medical Center Parking Associates ("Medpark"), a Florida limited partnership which operates exclusively in Puerto Rico. Medpark and appellant Fontan Associates, Inc. ("Fontan") are general partners and all other named parties are limited partners. Fontan is a Puerto Rican corporation and Orval Sifontes and Samuel Jove are residents of Puerto Rico.
Medpark is a Florida corporation engaged in the business of designing, developing and owning an interest in parking structures *208 throughout the United States. The record reflects that the appellants wanted to be involved in a limited partnership and they wanted Richard C. Rich to invest capital. At the time the partnership was formed Rich was living in Florida[1] On September 3, 1983, Medpark, Rich and Rich and the appellants executed a Certificate and Agreement of Limited Partnership. This certificate was filed with the Florida Secretary of State on September 6, 1983. Medpark, Rich and Rich contributed a total of $110,000 to the partnership and the appellants contributed $6,000.
The preamble to the certificate of limited partnership states that the parties "agree to be bound by the provisions of this Agreement." The certificate recites in articles I and XX that it was created pursuant to Chapter 620, Florida Statutes and the general laws of Florida and that Florida law would govern its interpretation and construction. The partnership agreement also states in article IV that the partnership's principal place of business is at 304 Palermo Avenue, Coral Gables, Florida. It maintains an office at that location. The partnership also has a registered agent, as is required by section 620.105, Florida Statutes, at its Coral Gables office.
The appellants moved to dismiss the complaint for lack of in personam jurisdiction.[2] The trial court held a limited evidentiary hearing and thereafter ruled that there were sufficient minimum contacts between the appellants and Florida to confer jurisdiction in this state for the purpose of dissolving the limited partnership.[3] This appeal followed.
We begin by recognizing that a plaintiff must satisfy both the federal constitutional requirements of due process and the requirements of section 48.193, Florida Statutes when he sues a non-resident defendant. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).

I. CONSTITUTIONAL CONSIDERATIONS

In International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102, (1945) the Supreme Court held that the constitutional touchstone remained whether the defendant purposefully established "`minimum contacts' with the forum State such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" In a more recent case, the Court stated that "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501, (1980); Venetian Salami Co., 554 So.2d at 500 (citing World-Wide Volkswagen). Jurisdiction is proper where the contacts proximately result from actions by the defendant that create a "substantial connection" with the forum State. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957). In defining when a potential defendant should "reasonably anticipate" out-of-state litigation, courts will look not only to the quality and nature of the defendant's activity in the forum State, but will also look to see if there is some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542, (1985) (citing Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).
We find that by purposefully negotiating for and thereafter establishing the limited partnership in Florida, specifying that the partnership would be governed by the laws of Florida, and by engaging in a 10 year *209 course of dealing with the appellees as partners of the Florida limited partnership, "the defendant[s] reinforced [their] deliberate affiliation with [Florida] and the reasonable foreseeability of possible litigation there." Burger King Corp., 471 U.S. at 482, 105 S.Ct. at 2187. As was the case in Burger King Corp., the appellants, by becoming partners in a Florida limited partnership, created "continuing obligations" between themselves and the State of Florida and deliberately and voluntarily availed themselves of the privileges and benefits of conducting business here.
Secondly, it is certainly the case that the instant litigation arises out of or relates to the activity, i.e. the limited partnership, which was directed to Florida as the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 411 (1984). When appellants chose to avail themselves of the privilege of forming the limited partnership in Florida, they bound themselves to a statutory body of regulations which control the formation, operation, governance and dissolution of a limited partnership in this state. The ability to have a Florida court use Florida partnership law to dissolve a limited partnership is available, pursuant to section 620.158, Florida Statutes, to any partner. That appellants are being haled into a court in Florida is not as a result of "random", "fortuitous" or "attenuated" contacts. They are being haled into a Florida court because judicial dissolution of a Florida limited partnership by a Florida court constitutes part and parcel of the privilege to which they availed themselves. The constitutional due process requirements for the exercise of Florida jurisdiction have been met.

II. FLORIDA LONG-ARM STATUTE CONSIDERATIONS

Turning our attention now to the Florida long-arm statute, section 48.193, Florida Statutes (1993), appellants argue that no provision of section 48.193 applies to them. Section 48.193(1)(a) states:
Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) ... having an office ... in this state
Section 620.102(11), Florida Statutes (1993) states that
`[p]erson' means a ... limited partnership (domestic or foreign) ...
We fail to see why section 48.193(1)(a) does not apply in the instant case. It is undisputed that the limited partnership maintains an office in Coral Gables, as is required by section 620.105. That fact alone appears sufficient to subject appellants to jurisdiction under the long-arm statute.
Appellants further argue that simply having a partnership interest in a Florida limited partnership is not enough of a contact with the state to subject them to jurisdiction here. The cases cited by appellants for this proposition are not helpful. In Klein v. Mega Trading, Ltd., 416 So.2d 866 (Fla. 3d DCA 1982), the factual basis for the decision by this court is too minimal to determine why Klein was sued in the first instance. There is nothing in the opinion to suggest that he was sued solely as a limited partner for dissolution of the partnership. In Renda v. Peoples Federal Sav. & Loan Assoc. of Tarentum, Pennsylvania, 538 So.2d 860 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1334 (Fla. 1989), the court correctly held that where two non-resident defendants made an agreement in Georgia to guarantee payment of notes in Tennessee, there were not sufficient minimum contacts with Florida to establish jurisdiction for a lawsuit in this state to enforce the guaranty agreements.
In this case, a Florida general partner is attempting to dissolve a Florida limited partnership, pursuant to the laws of Florida, in a Florida court. The circuit court has jurisdiction *210 to proceed.[4]
Affirmed.
NOTES
[1] Richard C. and Richard A. Rich were residents of Michigan at the time of the hearing on the motion to dismiss for lack of jurisdiction.
[2] The appellants are not challenging service of process.
[3] There are no claims against any of the partners personally.
[4] It may well be that there are other considerations, such as forum non conveniens, which will need to be resolved at some future time.