643 A.2d 1140

**Samuel Z. SCOTT**

v.

**HEMPFIELD AREA SCHOOL DISTRICT
and Hempfield Township, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1994.

Decided June 7, 1994.

Thomas J. Godlewski, for appellants.

C. Andrew McGhee, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Hempfield Area School District and Hempfield Township (the School District and the Township) appeal from an order of the Court of Common Pleas of Westmoreland County granting judgment to Samuel Z. Scott (Scott) on his claim for refund of overpayment of earned income taxes for the 1987 tax year plus interest and against the School District and the Township on their counterclaim for payment of additional earned income taxes for the years 1988–1992. We affirm.

Scott is the President and sole shareholder of Scott Electric Company (corporation), a Pennsylvania S Corporation (S cor-

poration),[1] and earns a salary for the services he renders the corporation. In addition, because the corporation has elected to be treated as an S corporation and because Scott is the sole shareholder, the corporation's net profits are passed through to Scott and taxed as if realized directly by him, rather than as profits of the corporation. Pursuant to the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. § 6913 I., the School District and the Township impose an Earned Income Tax on net profits and earned income. Scott filed his 1987 Earned Income Tax Return, including both his wages and the corporation's net profits in his earned income, and he paid taxes on both. He later sought refund of the portion of the tax paid on the corporate net profit passed through to him. When he was unable to obtain a refund, Scott filed suit against the School District and the Township seeking judgment in the amount of the alleged erroneous payment plus interest. The trial court found in favor of Scott.

On appeal,[2] the School District and the Township argue that the corporate net profits passed through to Scott, pursuant to sections 307–307.12 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7307–7307.12, are earned income subject to the Earned Income Tax Resolutions and Ordinances of the School District and the Township.[3] We disagree.

**1.** Section 307 of Pennsylvania's Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6,. *as amended,* 72 P.S. § 7307, permits small corporations to elect not to be subject to Pennsylvania's Corporate Net Income Tax. In section 301, a "small corporation" is defined as "any corporation which has a valid election in effect under subchapter S of Chapter 1 of the Internal Revenue Code of 1954, as amended as of January 1, 1983, and which does not have passive investment income in excess of twenty-five per cent of its gross receipts. For purposes of this clause, 'passive investment income' means gross receipts derived from royalties, rents, dividends, interest, annuities and sales or exchanges of stock or securities...." Section 301 of the Tax Reform Code of 1971, 72 P.S. § 7301. (Footnote omitted.)

**2.** Our scope of review in a tax appeal is whether the trial court abused its discretion, committed an error of law or rendered a decision unsupported by the evidence. *Appeal of Marple Springfield Center,* 530 Pa. 122, 607 A.2d 708 (1992).

**3.** The School District and Township do not argue that the corporate net profit pass-through is subject to the earned income tax as a "net profit"

Section 13 of the Local Tax Enabling Act authorizes municipal governing bodies to impose a tax on earned income. Earned income is defined in the act as:

> Salaries, wages, commissions, bonuses, incentive payments, fees, tips and other compensation received by a person or his personal representative *for services rendered, . . . .*

53 P.S. § 6913 I. (emphasis added). In addition, section 307.9 of the Tax Reform Code of 1971, 72 P.S. § 7307.9, provides that any corporate income included in the shareholder's pro rata share is to be characterized "as if such item were *realized* directly by the shareholder from the source from which it was *realized* by the corporation or incurred in the same manner as incurred by the corporation." (Emphasis added.) This provision is almost identical to that contained in section 1366 of the Internal Revenue Code, 26 U.S.C. 1366, which also provides that the corporate net profits distributed to shareholders be characterized as if realized directly by the corporation. The School District and the Township say that according to the federal and state statutes governing the pass through of S corporation net profits, the income of the corporation is considered to be directly "earned" by the shareholder. We cannot agree. Earned income is very different from the concept of "realized" income, addressed in the federal and state S corporation legislation. As the "for services rendered" language in the Local Tax Enabling Act definition indicates, earned income is "[i]ncome (e.g. wages, salaries, or fees) derived from labor, professional service, or entrepreneurship as opposed to income derived from invested capital (e.g. rents, dividends, interest)." Black's Law Dictionary 456 (5th ed. 1979). To realize gain is "to receive the returns from an investment." *Id.* 1137.

which is "[t]he net income from the operation of a business, profession, or other activity, *except corporations*", section 13 of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. § 6913 I., apparently accepting the trial court's well-reasoned analysis that all corporations, including S corporations, are excluded from the tax on net profits. According to the trial court's analysis, the pass-through to shareholders does not affect the profit's status as the net income of a corporation.

The School District and the Township do not address these distinctions. However, they do recognize that some S corporation shareholders may have no active role in running the corporation and acknowledge that for such shareholders the profits passed through would be dividend income not subject to the earned income tax. They contend, however, that because Scott is the sole shareholder and plays an active role in his corporation all income, whether classified as salary or as corporate net profits passed through pursuant to the S corporation statute, is earned income subject to the local earned income tax.[4]

In support of their proposition, the School District and the Township refer us. to several Pennsylvania cases which they claim deal with *somewhat* analogous situations. *Tax Review Board v. Brine Corporation,* 414 Pa. 488, 200 A.2d 883 (1964); *Freedman v. Tax Review Board of Philadelphia,* 212 Pa.Superior Ct. 442, 243 A.2d 130 (1968), *affirmed,* 434 Pa. 282, 258 A.2d 323 (1969); *Oseroff v. City of Pittsburgh,* 70 Pa.Commonwealth Ct. 294, 453 A.2d 40 (1982); *City of Philadelphia Tax Review Board v. Adams Avenue Associates,* 25 Pa.Commonwealth Ct. 379, 360 A.2d 817 (1976). These cases all involve an income tax on net profits or a mercantile license tax on gross receipts, neither of which is at issue here. In addition, the

---

4. Unlike the state statute, the Internal Revenue Code, 26 U.S.C. § 1366(e), addresses the School District and the Township's concern that a shareholder in a small corporation might be able to totally avoid the tax on earned income by failing to be compensated for services, instead passing all corporate income through as corporation net profits. That section of the Internal Revenue Code states:

(e) Treatment of family group. If an individual who is a member of the family ... of one or more shareholders of an S corporation renders services for the corporation or furnishes capital to the corporation without receiving reasonable compensation therefor, the Secretary shall make such adjustments in the items taken into account by such individual and such shareholders as may be necessary in order to reflect the value of such services or capital.

Here, the case stated shows that the corporation had approximately 311 employees and also 39 managers and supervisors and that Scott, who was President and Treasurer of the corporation and worked approximately 40 hours per week, received a salary of $235,588.00 in 1987. In addition to his salary, Scott reported a pass-through of corporate net profits amounting to $2,606,454.00 on his 1987 state personal tax return. (R.R. at 63a–64a.)

main issue in the cases was whether the activity in question was taxable as a business activity. Here, there is no such question; the corporation is clearly a business activity, one which has elected S corporation status.

In its well-reasoned opinion, the trial court discussed why Scott is not liable to pay an earned income tax on the pass through of the S corporation profits:

> In the present case, the plaintiff receives a salary from Scott Electric for services rendered as President and Treasurer of the S corporation and is taxed thereon.... Therefore, there is already attributed to the taxpayer an income earned as a result of his activity in the corporation and upon which he is taxed by the local government. The allocation of net profits to the plaintiff as a shareholder does not then represent compensation for services rendered.

> ... [T]here is simply no mention of taxing net profits of subchapter S corporations allocated to shareholders in the Local Tax Enabling Act. To the contrary, the definition of net profits, in the Local Tax Enabling Act, specifically excepts [corporate] net profits from taxation. The definition does not distinguish between types of corporations.... Without any indication from the legislature on how local municipalities are to handle these net profits of subchapter S corporations, this Court is unable to read such implications into the statute. It is for the legislature to correct this situation, if it is their intention to impose such a tax.

(Trial court opinion at 9–10.) We agree with the trial court.

The issue here is whether the net profits of the S corporation, which have been passed through to Scott pursuant to the legislative scheme, are subject to the School District and the Township Earned Income Tax. Pursuant to the provisions of the Tax Reform Code of 1971, 72 P.S. § 7307.9, these net profits are characterized as realized income, which is investment income, not earned income. Because these net profits are not earned income and because net profits of a corporation are not subject to the School District and the Township

Earned Income Tax, the trial court correctly granted judgment for Scott.

Accordingly, we affirm.

*ORDER*

AND NOW, this 7th day of June, 1994, the order of the Court of Common Pleas of Westmoreland County, dated September 2, 1993, is affirmed.

KELLEY, J., did not participate in the decision in this case.