Robert F. PUGLIESE

v.

The TOWNSHIP OF UPPER ST. CLAIR and Douglas A. Watkins, Township Manager, Appellants.

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.

Decided June 1, 1995.

Mark J. Christman, for appellants.

Jeffrey S. Blum, for appellee.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

NEWMAN, Judge.

The Township of Upper St. Clair (Township) and Douglas A. Watkins, Township Manager, appeal a decision of the Court of Common Pleas of Allegheny County (trial court) determining that certain funds distributed to Robert F. Pugliese (Pugliese) through his Westinghouse Electric Corporation Annual Incentive and Long Term Incentive Plan (Plan) are not subject to the Township's earned income tax. We affirm.

Pugliese, a Township resident, is an employee of Westinghouse Electric who participates in its corporate incentive compensation plan. Westinghouse's Plan administers compensation awards to designated employees based on merit and performance criteria. A benefit of this Plan is that recipients may elect to accept awards entirely in cash or may choose to defer fifty percent of their awards and invest in putative Westinghouse convertible debentures. Westinghouse's convertible debentures provide a guaranteed interest rate and the opportunity for employees to participate in any appreciation in the value of Westinghouse Common Stock.

In 1984 and 1985, Pugliese received awards from the Plan, elected to defer $317,600.00 of his awards, and accepted this same amount in convertible debentures. Pugliese did not report the $317,600.00 on his 1984 or 1985 Township Earned Income Tax Forms.

In 1990, Pugliese received a total distribution from the Plan in the amount of $760,798.88. This distribution represented a return on the deferred amount of $317,600.00, plus appreciation and interest totaling $443,198.88. On his 1990 Township tax form, Pugliese reported only the $317,600.00 amount as earned income and compensation. However, Pugliese's State W-2 Wage and Tax Statement reported the entire distribution of $760,798.88. The Township notified Pugliese that, consistent with the amount stated on his State W-2 Wage and Tax Statement, he owed the Township $6,447.41 for 1990 in additional tax monies.

In January of 1991, Pugliese again elected to defer $76,400.00 from another award that he received from the Plan. In December of 1991, Pugliese received a distribution of

$99,103.69. This amount was the total of the deferred $76,400.00, plus $22,703.69 in appreciation and interest. Pugliese only reported $76,400.00 on his Township earned income form. The Township notified Pugliese that he owed the Township $399.15 in additional taxes for the 1991 tax year for the appreciation and interest earned on this deferred award.

On December 4, 1992, Pugliese appealed to the trial court and challenged the Township's determinations that all of the funds distributed to him from the Plan were subject to the Township's earned income tax. The trial court determined that the interest and appreciation earned on the deferred portion of Pugliese's awards were not taxable by the Township. The Township now appeals this decision to this Court.

■ On appeal, we consider whether the trial court erred in determining that the interest and appreciation distributed to Pugliese under the Plan is not compensation that may be taxed by the Township. Our scope of review in a tax appeal is whether the trial court abused its discretion, committed an error of law or rendered a decision unsupported by the evidence. *Scott v. Hempfield Area School District*, 164 Pa.Commonwealth Ct. 588, 643 A.2d 1140 (1994).

First we must determine whether the Township's Ordinance 1.1.12 regarding its earned income tax is improper. Section 13 of the Local Enabling Act (Act), 53 Pa.S. § 6913, authorizes a political subdivision of the Commonwealth of Pennsylvania to impose a tax on the earned income of its residents. Earned income is defined by the Act to include:

Salaries, wages, commissions, bonuses, incentive payments, fees, tips and other compensation received by a person or his personal representative for services rendered, whether directly or through an agent, and whether in cash or in property....

53 Pa.S. § 6913(I).

This section also prevents a political subdivision from expanding the definition of earned income:

[t]he definitions contained in this section shall be exclusive for any tax upon earned income and net profits levied and assessed pursuant to this act, and shall not be altered or changed by any political subdivision levying and assessing such tax.

53 Pa.S. § 6913.

By regulation, the Township has defined earned income by incorporating the Act's definition of earned income but has added the following language to its rule:

Earned income includes any item that is currently reportable on the Commonwealth of Pennsylvania Department of Revenue Form PA 40 "Gross Compensation" line, any item that is correctly reportable on the "Wages, Salaries, Tips, Etc." line of the IRC Form 1040 or any item that is correctly reportable on the "state wages, tips, etc." box of IRC Form W-2 and that portion of distributed or distributable S Corporation income that represents compensation for services rendered. Examples include but are not limited to: income derived from exercising non-qualified stock options; financial counseling services reimbursement; excess life insurance; spouse's travel reimbursement; moving expense reimbursement; and, mortgage differential.

Township of Upper Saint Clair Regulation 1.1.12.

The Township's regulation improperly expands the Commonwealth's definition of earned income by including items that are taxable by the Commonwealth but that may *not* be taxed by local municipalities. The resolution of this case depends on what is taxable as earned income for the Township and not what the Commonwealth is permitted to tax for state purposes, or what is federally taxable.

■ The Township contends that the monies received from Westinghouse's Plan is remuneration for services rendered and that the entire amount of the distribution is earned income in the year it was actually received. In *Scott*, we discussed the distinction between earned income that is taxable and dividend income that is not subject to a local earned income tax. The net profits that passed through to Scott, a sole shareholder in a subchapter S corporation, were not con-

sidered to be taxable earned income. These profits were categorized in *Scott* as investment income. The interest and appreciation earned by Pugliese through Westinghouse's convertible debentures is investment income and not compensation. Thus, the trial court properly relied on the distinctions made in *Scott* in determining that the Township could not tax Pugliese on the interest and appreciation he received through the Plan.

The Township also argues that the trial court improperly relied upon *Scott* and should have relied upon *Bickford v. Commonwealth*, 111 Pa.Commonwealth Ct. 246, 533 A.2d 822 (1987) and *Gosewisch v. Department of Revenue*, 40 Pa.Commonwealth Ct. 565, 397 A.2d 1288 (1979) in rendering its decision. However, *Bickford* and *Gosewisch* are factually distinguishable from the case. Although both cases involve awards to taxpayers through corporate incentive programs, neither program provides for employee participants' deferral of their awards and investment of monies in debentures or other forms of corporate stock. This distinction is critical. The monies at issue in this case involve precisely the funds that Pugliese chose to defer and invest in the Plan's convertible debentures. The fact that the choice was not an option available to the employee appellants in *Bickford* and *Gosewisch* renders these cases inapposite.[1]

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, June 1, 1995, we affirm the order of the Court of Common Pleas of Allegheny County, dated September 30, 1994.

---

1. The Township also argues that the monies that Pugliese invested in the Plan were an integral part of the money that Pugliese earned for his services rendered to Westinghouse. This argument is without merit. Pugliese's decision to invest in the Plan's convertible debentures is a conscious investment choice that is separate from his receipt of compensation from Westinghouse.