541 So.2d 1331 (1989)
Eric PERMENTER, Appellant,
v.
Mary Lou FEURTADO and John Feurtado, Her Husband, Appellees.
No. 88-2379.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler and Karen J. Haas and Joseph Lowe, Miami, for appellant.
Roland Gomez, Miami Lakes, and Steven A. Edelstein, North Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
In this interlocutory appeal, the defendant below claims error in the trial court's *1332 denial of his motion to quash service and vacate default due to lack of personal jurisdiction. We reverse.
The Feurtados filed suit against Eric Permenter, a Michigan resident, as a result of a Florida automobile accident. In the accident report, Permenter listed a Bay City, Michigan address. When service of process sent to that address was returned as undeliverable due to the fact that the defendant had moved and left no forwarding address, plaintiffs motioned for default, which motion was granted. Upon notice of the default, Permenter, through his insurer, moved to vacate the default and to quash service on grounds that Permenter was not properly served notice of suit. The motion was denied, and Permenter now appeals.
First, we briefly address plaintiffs'/appellees' motion that this appeal be dismissed based essentially on the allegation that defendant's motion to stay the litigation pending this appeal amounts to a waiver of his jurisdictional challenge. We deny the motion to dismiss and hold that by his motion to stay proceedings below pending appeal, the defendant did not seek the type of affirmative relief necessary to waive a claim of lack of personal jurisdiction. See Hubbard v. Cazares, 413 So.2d 1192, 1193 (Fla. 2d DCA 1981), review denied, 417 So.2d 329 (Fla. 1982) ("A defendant who timely asserts a challenge to the court's jurisdiction over the person of the defendant is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits.").
Second, as to the defendant's claim of lack of personal jurisdiction due to insufficient service of process, the record reveals a complete absence of diligence on the part of plaintiffs' counsel in perfecting substituted service of process pursuant to sections 48.161 and 48.171, Florida Statutes (1987). It was incumbent upon the plaintiffs to diligently seek out the proper address of the defendant, especially in light of the fact that the accident report itself showed that there was a Florida passenger in Permenter's car who plaintiffs could have attempted to contact for information on the defendant. Plaintiffs' counsel knew the address for Permenter was three years old yet did nothing more to attempt to verify the address than check the Bay City, Michigan telephone directory, which did not show a listing for the defendant. Because plaintiffs failed to sustain the burden of diligent search and inquiry sufficient to sustain substituted service of process, see Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978); Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978); Green v. Nashner, 216 So.2d 492 (Fla. 3d DCA 1968), the defendant's motion to quash service and vacate default should have been granted.
Reversed and remanded.