PER CURIAM.
REVERSED. We agree with appellant that she did not waive her objection to personal jurisdiction by filing an objection to a codefendant’s motion to share in the proceeds of any foreclosure sale.
Appellant was sued in a mortgage foreclosure proceeding. Twice she successfully moved to quash service of process. However, while motions for rehearing were pending on the service of process issue, a codefendant filed a motion to be allowed to share in the proceeds of any sale. Appellant filed an objection to this motion, and the trial court held that such filing constituted a waiver of her objections to jurisdiction. We disagree.
As a general rule, a defendant may protect her jurisdictional claims so long as she asserts them as early as possible in the litigation. Scarso v. Scarso, 488 So.2d 549 (Fla. 4th DCA 1986). Here, appellant was diligent in asserting her jurisdictional claims. Further, while the court was considering her claims, she acted cautiously in objecting to a codefendant’s request to share in the proceeds of a sale. We do not believe this objection was the kind of action that would indicate a waiver of her prior objections to jurisdiction. She sought no affirmative relief, and we do not believe she should be forced to risk having waived any objection to the codefendant’s motion should the court have later granted the requests for rehearing.
ANSTEAD, GLICKSTEIN and FARMER, JJ., concur.