PER CURIAM.
We conclude that the allegations in the second amended complaint were insufficient to authorize substituted service of process upon the nonresident appellant through the secretary of state, pursuant to sections 48.161 and 48.181, Florida Statutes (1989). See Caribe & Panama Invs., S.A. v. Christensen, 375 So.2d 601, 603 (Fla. 3d DCA 1979); Hartman Agency, Inc. v. Indiana Farmers Mut. Ins. Co., 353 So.2d 665, 666 (Fla. 2nd DCA 1978); see also McDougal v. Mizrahi, 636 So.2d 138, 138 (Fla. 3d DCA 1994) (no basis for asserting personal jurisdiction over nonresidents absent sufficient allegations that nonresidents did business as individuals, as opposed to their conduct as officers of corporation).
It is well settled that a complaint must “sufficiently allege jurisdictional facts to clearly justify service”. Tako v. Mayer Rothkopf Indus., Inc., 388 So.2d 1092, 1093 (Fla. 3d DCA 1980). Accordingly, the order below denying the appellant’s motion to quash service of process and ordering a responsive pleading is reversed and the cause remanded for dismissal of the second amended complaint for lack of personal jurisdiction.
Reversed.