782 So.2d 417 (2001)
Alexander KAPLAN and Rita Kaplan, Appellants,
v.
Paul BAYER and Carol Bayer, Appellees.
Nos. 2D00-553, 2D00-1632.
District Court of Appeal of Florida, Second District.
February 16, 2001.
Rehearing Denied March 19, 2001.
Ray Shaw, Brooksville, for Appellants.
John K. Renke, II, New Port Richey, for Appellees.
DAVIS, Judge.
Alexander Kaplan and Rita Kaplan, his wife, challenge the final judgment which found that they were not entitled to interest on their sale of real property to Paul Bayer and Carol Bayer, his wife, and further ordered the Kaplans to pay the Bayers' attorney's fees. They also challenge, by separate appeal, the order determining the amount of those attorney's fees.[1] We *418 affirm the trial court's determination regarding the interest, but reverse the award of attorney's fees.
The Bayers purchased a parcel of real property from the Kaplans. The terms of the purchase were evidenced by the parties' execution of a "Purchase Agreement/Deposit Receipt" (herein Purchase Agreement). At the subsequent closing, the parties signed another document, the "Agreement for Deed," by which equitable title passed to the Bayers. Two years later, the Bayers filed a four-count complaint against the Kaplans seeking a declaratory judgment interpreting the terms of the Agreement for Deed. The parties stipulated to the entry of a partial final judgment resolving most of the issues. The two issues that remained for determination by the trial court were whether the Kaplans could collect interest on the monthly payments specified in the Agreement for Deed and whether the Kaplans were responsible for the Bayers' attorney's fees.
The trial court found the Agreement for Deed was silent as to the interest issue. Not only did the agreement not specify a rate of interest, it nowhere suggested that the payments called for by the agreement were accruing interest. We affirm the trial court's finding as to this issue. The contract is not ambiguous on this point and the trial court properly excluded the parol evidence.
However, we disagree with the trial court's determination regarding attorney's fees. The trial court found that the Kaplans were responsible for the Bayers' attorney's fees because the Agreement for Deed incorporated by reference the Purchase Agreement, which contained a prevailing party provision as to fees and costs.
The Agreement for Deed twice references the Purchase Agreement (calling it Exhibit A). The first reference appears in paragraph 1, where the property is described by listing a physical address and by the language "and described on "Exhibit A" attached hereto and incorporated herein." Because this specifically refers to the property's description, we do not believe that this very narrow reference may be expanded beyond paragraph 2 of the Purchase Agreement, which is the property's legal description.
The second reference is in paragraph 2 of the Agreement for Deed, which reads as follows:
2. Restrictions, Covenants, etc.: This agreement regarding said property and the conveyance of the same, shall be subject to applicable restrictions, covenants, easements, options and affirmative obligations as described on "Exhibit A" as well as those restrictions, etc. recorded in the Office of the Clerk of Court for Pasco County, Florida, in Plat Book 20 at Page 68-71.
The Bayers argue that this language is intended to incorporate all the provisions of the Purchase Agreement, not just those provisions related to restrictions and covenants regarding the real property. Specifically, they argue that this language incorporates paragraph 6 of the Purchase Agreement, which reads:
6. Default: In the event that the Purchaser shall default in the performance of this Agreement, unless the Parties have agreed to a provision of liquidated damages, the Seller may retain Purchaser's deposit on account of damages sustained and may take such action as he deems appropriate to recover such portion of the deposit as may be allowable by law. In the event legal *419 action is instituted by any Party to this agreement to enforce the terms of this Agreement, or arising out of the execution of this Agreement or sale, or to collect additional deposit monies, the prevailing Party shall be entitled to receive from the other Party a reasonable attorney fee to be determined by the court in which such action is brought. (Emphasis supplied.)
However, paragraph 33 of the Agreement for Deed seems to contradict such an incorporation:
33. Entire Agreement: This Agreement supersedes any and all understandings and agreements between the parties prior to the execution of this Agreement and contains the entire Agreement of the parties. No oral or written statements whatsoever prior to the execution hereof shall be considered a part hereof.
When faced with such an inconsistency, this court must interpret the contract in such a manner as to reconcile the conflicting provisions. See Dune I v. Palms N. Owners Ass'n, 605 So.2d 903, 905 (Fla. 1st DCA 1992). If such a reconciliation is not possible, we must give the agreement a "reasonable" interpretation. Id. Because interpretation of a contract is a question of law, we apply a de novo standard of review. See Management Computer Controls, Inc. v. Charles Perry Constr., 743 So.2d 627 (Fla. 1st DCA 1999).
The Purchase Agreement's attorney's fee provision refers to legal actions "to enforce the terms of this Agreement, or arising out of the execution of this agreement or sale, or to collect additional deposit moneys." (Emphasis supplied.) Once the closing on the sale was completed, "this Agreement" became an executed, completed contract. The subject litigation involved the terms of the Agreement for Deed, not the Purchase Agreement.
It seems reasonable, especially in light of paragraph 33 of the Agreement for Deed, to limit the language of paragraph 2 of the Agreement for Deed to incorporate only those restrictions, covenants, and easements (if any) listed in the Purchase Agreement and not to include the default provision. It is not clear that the parties intended to provide for an attorney's fee provision in the Agreement for Deed. However, it is clear that they knew how to draft such a provision since one appears in the Purchase Agreement. Absent the clear intention to include such a provision, the reasonable reconciliation of the inconsistency is that the language of paragraph 2 of the Agreement for Deed does not engraft the default paragraph of the Purchase Agreement onto the Agreement for Deed, and the trial court's award of attorney's fees to the Bayers was improper.
We affirm as to the denial of interest but reverse as to the attorney's fees.
WHATLEY, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] Having received no response to our January 4, 2001, order to show cause, we hereby sua sponte consolidate case nos. 2D00-0553 and 2D00-1632, waive oral argument in case no. 2D00-1632, and consider all issues raised.