819 So.2d 235 (2002)
Robert BERNE, Appellant,
v.
Maurice J. BEZNOS, Norman Beznos, Harold Beznos, Jerry D. Luptak, Nina Luptak, Jerry D. Luptak Revocable Trust, and Beztak/Bayshore Associates, Ltd., Appellees.
No. 3D01-2075.
District Court of Appeal of Florida, Third District.
June 12, 2002.
*236 Goldstein, Tanen & Trench and Keith R. Gaudioso, Miami, for appellant.
Anderson St. Denis & Glenn and Gregory A. Anderson and John Glenn, Boca Raton; Evans & Luptak and Eric A. Parzianello, for appellees.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.

On Motion for Rehearing
COPE, J.
On consideration of appellee's motion for rehearing and clarification we withdraw the opinion dated December 19, 2001, and substitute the following opinion.
Robert Berne, defendant below, appeals an order denying his motion to quash service of process. As we conclude that the motion should have been granted, we reverse the order now under review.

*237 I.
Plaintiffs-appellees sued defendant-appellant Berne, among others, in a commercial dispute. Plaintiffs sought to serve defendant personally in New York City, where defendant resides.
Plaintiffs retained a process server who went to defendant's apartment building. The concierge at the apartment building refused to allow the process server to proceed beyond the entry lobby. Thus, the process server was not able to go to defendant's apartment in an attempt to serve him there.
The process server left the papers with the concierge and also mailed a copy to defendant. This procedure is permissible under New York law.
Defendant moved to quash service of process on the ground that it does not comply with Florida law. See § 48.194(1), Fla. Stat. (2000). The trial court denied the motion to quash and this appeal follows.

II.
Plaintiffs initially argue that the defendant waived his objection to service of process. They acknowledge that the defendant timely objected to service of process. However, after raising this objection, the defendant went on to file pleadings, propound discovery, and file motions to dismiss and for summary judgment.
Plaintiffs argue that under this court's decision in Bailey, Hunt, Jones & Busto v. Scutieri, 759 So.2d 706 (Fla. 3d DCA 2000), defending the case waives a challenge to service of process. We disagree.
Before addressing the Bailey, Hunt decision, we point out that the controlling principles are outlined in Babcock v. Whatmore, 707 So.2d 702 (Fla.1998). The Florida Supreme Court stated:
A number of Florida courts have similarly concluded that an otherwise timely asserted challenge to personal jurisdiction may be waived:
A defendant who timely asserts a challenge to the court's jurisdiction over the person of the defendant is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits. His challenge is preserved and he may obtain a review of the question of personal jurisdiction upon appeal should he suffer an adverse final judgment in the cause. State ex rel. Eli Lilly and Co. v. Shields, 83 So.2d 271 (Fla.1955)....
However, a timely objection to personal jurisdiction may nevertheless be waived. In jurisdictions which follow the rule that a defense on the merits is not a waiver, the courts have long held that a defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to the personal jurisdiction of the court. Thus a majority of federal courts have held that the filing of a permissive counterclaim is a request for affirmative relief which waives an objection to personal jurisdiction notwithstanding that the objection is timely made.

Hubbard [v. Cazares], 413 So.2d [1192] at 1193 (citations omitted). We agree with the above reasoning of the federal and Florida courts that adhere to its reasoning and hold that a defendant waives a challenge to personal jurisdiction by seeking affirmative reliefsuch requests are logically inconsistent with an initial defense of lack of jurisdiction.
Id. at 704 (emphasis added; footnote omitted).
*238 Thus under Babcock, so long as the defending party makes a timely objection to personal jurisdiction, the defendant may defend the case without waiving the objection. Id. The court's example of affirmative relief which would waive the jurisdictional objection is the assertion of a permissive counterclaim.[1]
In the present case, the plaintiffs argue that the defendant waived his objection to service of process by filing pleadings, propounding discovery, and moving to dismiss and for summary judgment. Under Babcock, once the defendant has timely made the jurisdictional objection, the defendant is allowed to "defend[ ] the matter thereafter on the merits," id. (internal quotation marks omitted), without waiving the jurisdictional point.
In arguing that there has been a waiver in this case, the plaintiffs rely on this court's decision in Bailey, Hunt. That was a case in which the defendants sought dismissal of the action after several years of litigation, because service of process had not been effected within one hundred twenty days, as prescribed by Florida Rule of Civil Procedure 1.070(j). This court concluded that any objection under Rule 1.070(j) was waived because the defendants had sought affirmative relief during the litigation. 759 So.2d at 706-08.
The Bailey, Hunt opinion does have the following statement in dictum: "The long-standing rule in Florida has been that if a defendant files any pleadings to the merits of the case the defendant waives all challenges to service of process or jurisdiction. See Babcock v. Whatmore, 707 So.2d 702 (Fla.1998)...." 759 So.2d at 708 (other citations omitted). This dictum through inadvertence does not accurately summarize Babcock.
The problem is that further explanation is required. Under Babcock, it is necessary for a defendant to make a timely objection to personal jurisdiction or service of process. If the defending party fails to raise a timely objection then it is true that a defendant who pleads to the merits waives the objection.
On the other hand, if a defending party timely raises an objection to personal jurisdiction or service of process, then that defendant may plead to the merits and actively defend the lawsuit without waiving the objection. Babcock.
The trial court in the present case relied on the cited part of Bailey, Hunt and determined that the defendant in this case had waived his objection to service of process by actively defending the lawsuit. As we have explained, under Babcock the defendant did not waive the objection.

III.
Turning to the merits, service of process should have been quashed because the New York process server served the complaint on the concierge at the apartment building. The plaintiffs in this case were proceeding under subsection 48.194(1), Florida Statutes, which provides for "service of process on persons outside of this state ... in the same manner as service within the state by any officer authorized to serve process in the state where the person is served."[2]
*239 The plaintiffs were attempting to accomplish service "by delivering a copy of [process] to the person to be served ... or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Id. § 48.031(1)(a) (emphasis added).
Plainly the concierge is not a person who is actually residing in the defendant's abode. Thus, the service of process was insufficient. Schupak v. Sutton Hill Associates, 710 So.2d 707 (Fla. 4th DCA 1998).
We do, however, suggest that the legislature may wish to study the problem illustrated by this part of this case, from two standpoints.
First, in this case the plaintiffs were seeking to serve a New York resident. The New York process server followed a procedure which is permissible under New York law, namely, leaving the process with the concierge and mailing a copy to the defendant. F.I. duPont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 396 N.Y.S.2d 343, 364 N.E.2d 1115 (1977). If these plaintiffs had filed suit in New York, they would have been entitled to use the New York procedure to serve this defendant.
It is hard to see why Florida law should not authorize a plaintiff to use any method of service of process which is allowed in the defendant's state. In federal court, the Federal Rules of Civil Procedure allow a plaintiff to serve process "pursuant to the law of the state ... in which service is effected...." Fed.R.Civ.P. 4(e)(1).
Second, the legislature may want to consider what steps should be authorized when (as may become increasingly common) the process server is prevented by security personnel or other security measures from reaching the defending party's residence or place of work.

IV.
The plaintiffs also served defendant under section 48.181, Florida Statutes, which provides for service of process on a nonresident engaged in business in Florida. The defendant moved to quash this service as well.
Section 48.181 allows service on the secretary of state where, among other things, individuals "associated together as a copartnership or any other form or type of association, who are residents of any other state or country ... carry on a business or business venture in this state...." Id. § 48.181(1). The plaintiffs assert that the defendant owns a limited partnership interest in New Bermor a Florida limited partnership which was involved in the development of a Florida shipping center. However, the defendant's deposition refutes this claim. The defendant is not himself a limited partner of New Bermor.[3]
The plaintiffs argue that service was permissible under section 48.181 because the defendant is also an officer and director of the Florida corporation which serves as the general partner of the Florida limited partnership. However, under the corporate shield doctrine, such activities are not sufficient to establish jurisdiction over the defendant personally. Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993); Jamil v. Acosta, 697 So.2d 1279 (Fla. 3d DCA 1997); Snibbe v. Napoleonic Society of America, Inc., 682 So.2d 568 (Fla. 2d DCA 1996); Newberry v. Rife, 675 *240 So.2d 684 (Fla. 2d DCA 1996); Intercarga Internacional de Carga, S.A. v. Harper Group, Inc., 659 So.2d 1208 (Fla. 3d DCA 1995).
The plaintiffs point out that there is an exception to corporate shield doctrine for intentional torts. 620 So.2d at 1006 n. 1. The plaintiffs have alleged in their complaint that the defendant committed tortious acts within Florida. They claim that the defendant was guilty of fraud in the inducement, among other things.
The defendant filed an affidavit in support of his motion to quash service, in which he denied committing any tortious act in Florida and denied the making of any representation of any kind to the plaintiffs. The plaintiffs did not file a counteraffidavit, nor have they pointed to anything in the present record which would support the idea that the defendant committed an intentional tort in Florida. It follows that the motion to quash service of process was well taken, and should have been granted.

V.
For the stated reasons, the order denying the motion to quash service of process is reversed.
NOTES
[1] Thus the filing of a compulsory counterclaim (which is mandatory under the rules of civil procedure) would not waive the jurisdictional objection.

In Babcock itself, the court held that the former husband's filing of a motion for relief from judgment "was not a plea for affirmative relief but rather was a defensive motion seeking to avoid the judgments." 707 So.2d at 705. The filing of the motion for relief from judgment did not waive the jurisdictional objection. Id.
[2] The plaintiffs retained a duly authorized process server in New York.
[3] The defendant testified that the limited partnership interest in New Bermor is held by Rocrest, which is itself a limited partnership. The defendant holds a limited partnership interest in Rocrest.

As to the jurisdictional implications of the ownership of a limited partnership interest in a Florida limited partnership, see generally Fontan Associates, Inc. v. Medpark, Inc., 650 So.2d 207 (Fla. 3d DCA 1995); Klein v. Mega Trading Limited, 416 So.2d 866 (Fla. 3d DCA 1982).