858 So.2d 1173 (2003)
Vivian THRASHER, Appellant,
v.
Marco A. ARIDA, Appellee.
No. 2D02-5154.
District Court of Appeal of Florida, Second District.
November 7, 2003.
David A. Wallace and Morgan R. Bentley of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for Appellant.
Robert W. Boos, John H. Pelzer, and Beth A. Cronin of Ruden, McClosky, Smith, Schuster & Russell, P.A., Tampa, for Appellee.
*1174 THREADGILL, EDWARD F., Senior Judge.
Vivian Thrasher appeals from a final judgment in a quiet title action brought by Marco Arida disputing whether their common root of title from the Vander Griends conveyed the fee or merely an easement across a fifty-foot strip of land adjacent to both of their properties. Because we conclude that a latent ambiguity existed in the original warranty deed, we reverse and remand for the court to take testimony concerning the quality of title intended to be conveyed.
The Vander Griends owned the original parcel of forty acres until 1969 when they conveyed ten acres of it to the Schomburgs by warranty deed (the Schomburg deed) that separately described two parcels. The deed's language first described by metes and bounds in a block-indented paragraph a parcel (referred to in this case as Parcel One) that contained 10.0 acres. Parcel One is located in the northwest corner of the original parcel and its conveyance of fee title is not disputed. The next paragraph continues at the left margin and reads "[t]ogether with a 50-foot strip for ingress and egress described...", and includes a separate metes and bounds description for that property. The disputed parcel (Parcel Two) is a 50-foot by 305-foot strip, and its acreage is not specified in the deed. The deed's next flush paragraph below Parcel Two's description includes specifically listed buildings and fixtures connected with this chicken and egg farm property and miscellaneous yard equipment.
Parcel Two runs along the remaining portion of the original parcel's western boundary to the southwest corner of the original parcel, where it intersects with a county road. The Vander Griends retained the remaining thirty acres of the original parcel (the Retained Lands) until they conveyed it to the Thrashers in 1972. Although they continued to reside and conduct a cattle farming business on the Retained Lands until 1972, the Schomburg deed did not reserve an easement or right-of-way across Parcel Two for their personal or ranching use.
In 1972, the Vander Griends conveyed to the Thrashers the fee title to the Retained Lands by deed that described the original parcel less Parcels One and Two conveyed in the Schomburg deed. On May 16, 1997, Arida acquired Parcels One and Two. He then filed the complaint in this case to quiet title in fee simple to Parcel Two. Thrasher rejected his claim, but alternatively asserted a counterclaim for a prescriptive easement or easement by necessity across the property. Therefore, the issue in dispute is whether the interest in Parcel Two transferred by the Vander Griends to the Schomburgs is fee simple title or an easement for ingress and egress.
At the bench trial, Arida's counsel asserted that the judge did not have to hear any evidence and that she could rule based on the documentary evidence alone. Arida's counsel moved for a judgment as a matter of law before the trial actually started. The court declined, indicating that it had to at least take some evidence before it would consider such a motion.
The court considered exhibits 1 and 2, the Schomburg deed and mortgage, and ruled without considering any other evidence that Robb v. Atlantic Coast Line Railroad Co., 117 So.2d 534, 536-37 (Fla. 2d DCA 1960), controlled, to the effect that the language "for ingress and egress" was descriptive and did not create less than a fee simple title. The court rejected Thrasher's argument that the ingress and egress language rendered the deed ambiguous on its face and ruled that the Schomburg *1175 deed conveyed fee simple titles to both parcels.
Following its ruling, the court allowed Thrasher's counsel to present several witnesses' proffered parol testimony on the quality of title or the grantors' intent to convey merely an easement as to Parcel Two. In particular, surveyor Leo Mills testified that Mr. Vander Griend employed him to prepare the survey that he made a week before the July 22, 1969, closing of the Schomburg deed and that his client told him that Parcel Two was intended as an easement. His survey specifically notes that the 50-foot strip was an "ingress & egress easement." However, the legal description on the survey did not include the word "easement." All of the parties to the Schomburg deed transaction relied on this survey map prior to and at the time of the closing, according to Mills.
Subsequently, the court reconvened to consider Thrasher's counterclaim and ruled that she held a common law easement, as codified at section 704.01(1), Florida Statutes (2002), over Parcel Two and established two separately described easements across the strip for her use.
This appeal presents a question that is reviewed de novo. See Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001); Bd. of Trs. of the Internal Improvement Trust Fund v. Lost Tree Vill. Corp., 805 So.2d 22, 24 (Fla. 4th DCA 2001). There is a strong presumption in favor of the correctness of deeds and other official documents, but courts cannot lose sight of the fact that it is the intention of the parties which governs the interpretation of a document. Barr v. Schlarb, 314 So.2d 609, 610 (Fla. 1st DCA 1975). The court must interpret the contract in such a manner as to reconcile the conflicting provisions. Kaplan, 782 So.2d at 418. The most basic rule in a court's interpretation of a deed is for the court to "consider the language of the entire instrument in order to determine the intent of the grantor, both as to the character of estate and the property conveyed and to so construe the instrument as if legally possible to effectuate such intent." Reid v. Barry, 93 Fla. 849, 112 So. 846, 851 (1927).
Section 689.10, Florida Statutes (1969), provides that words of limitation in the conveyance of real estate shall be construed to vest fee simple title "unless a contrary intention shall appear in the deed...." We have examined whether the deed's inconsistencies such as the parcels' separate legal descriptions, the lack of an acreage specified as to Parcel Two, and the difference in paragraph style between the two parcels' descriptions give rise to a latent ambiguity in the deed that requires the court to consider parol evidence to properly conclude the parties' intent. As the court explained in Lost Tree Village, 805 So.2d at 25-26,
[a] latent ambiguity in a deed description is said to exist when the deed, clear on its face, is shown by some extraneous fact to present an equivocation by being susceptible to two or more possible meanings. Where there is a latent ambiguity in a deed or contract, parol and other extrinsic evidence may be introduced to show the true intent of the parties.
* * *
Whenever a party presents an arguable claim that a document contains a latent ambiguity, the court is obliged to consider the extrinsic evidence, at least to the extent necessary to determine whether the claimed latent ambiguity actually exists.
Id. (citations omitted).
The language in the conveyance of Parcel Two "for ingress and egress" is *1176 meaningless if one construes the conveyance to transfer fee simple. There would be no need for this language in the deed, and no reason to separate the two parcels' legal descriptions in the deed. That language is inconsistent with an intent to transfer fee title to Parcel Two. Looking at the entire document, the legal description for Parcel One is blocked and indented to separate it from other paragraphs in the deed. The conveyance of the right of ingress and egress in Parcel Two is not indented and is similar to the unindented language in the last paragraph that conveys title to fixtures and miscellany. Where only one construction will give full effect to all of the words of the instrument, it should be followed. Loveland v. CSX Transp., Inc., 622 So.2d 1120 (Fla. 3d DCA 1993).
The inconsistencies on the face of the deed, together with the meaninglessness of the deed's language "for ingress and egress," if one construes it to have conveyed fee title, appear to create a contrary intention under section 689.10 as to Parcel Two. The survey map used by the parties to the transaction expresses a different intent as to the quality of title conveyed to the Schomburgs. The lower court also perceived the fact that the deed operated to landlock the grantor without reserving to the grantor any right-of-way albeit granting a way for ingress and egress for the grantee. Recognizing this dilemma, the trial court created an easement of necessity across the property for the benefit of Thrasher, the grantor's successor in interest.
We conclude that the statute does not compel a finding of fee simple title of Parcel Two to Arida. The lower court's reliance on Robb, 117 So.2d 534, is overbroad. That case is distinguishable because there was no ambiguity as to multiple legal descriptions with language limiting the quality of title or use of the property, and the warranty deed, using a single property description, conveyed a parcel "for right-of-way purposes" to the railroad.
We hold that a latent ambiguity exists in the deed's description and in the quality of title intended to be transferred as to Parcel Two. We therefore reverse and remand for an evidentiary hearing to consider parol evidence of the parties' intent.
WHATLEY and COVINGTON, JJ., concur.