923 So.2d 525 (2005)
SPRINT CORPORATION, a Kansas corporation; United Teleservices, Inc., a Kansas corporation; and Sprint-Florida, Inc., a Florida corporation, Appellants,
v.
TELIMAGINE, INC., a Florida corporation, Appellee.
No. 2D05-1892.
District Court of Appeal of Florida, Second District.
December 28, 2005.
*526 Michael L. Rosen, Paul W. Rebein, and Talibah Jaffree of Shook, Hardy & Bacon, L.L.P., Tampa, for Appellants.
James A. Martin, Charles W. Pittman, Joshua Magidson, and Nancy S. Paikoff of Macfarlane Ferguson & McMullen, Clearwater, for Appellee.
DAVIS, Judge.
Sprint Corporation, United Teleservices, Inc., and Sprint-Florida, Inc. ("Appellants"),[1] challenge the nonfinal order in which the trial court granted a temporary injunction to Telimagine, Inc., and set the injunction bond at $25,000. Additionally, Sprint Corp. appeals the trial court's denial of its motion to dismiss. We affirm in part and reverse in part.
The underlying lawsuit arose out of a business arrangement by which Appellants referred to Telimagine customers who wanted to lease, rather than buy, Sprint telephone systems. Telimagine purchased the systems and leased them to the customers, who were then required to enter into maintenance contracts with Appellants. The relationship between the companies was governed by an operating agreement. Prior to expiration of that agreement, Appellants informed Telimagine that they would not be renewing the *527 agreement, but rather would be entering into a similar agreement with GE Capital.
In its complaint, Telimagine alleged that Appellants were improperly soliciting customers to terminate their leases with Telimagine and enter into new leases with GE Capital. Telimagine brought suit against Appellants for breach of contract, interference with business relationships, and violations of Florida's Deceptive and Unfair Trade Practices Act.[2] Along with its complaint, Telimagine filed a motion for temporary injunction, seeking to prevent Appellants from "making further improper solicitations of Telimagine's customers." Appellants then moved to dismiss or stay Telimagine's action, arguing that the parties' operating agreement provided for arbitration of any dispute arising out of or relating to the contract. The trial court granted the motion for the temporary injunction and set the injunction bond at $25,000. This interlocutory appeal followed.
An order granting a temporary injunction is reviewed for an abuse of discretion. East v. Aqua Gaming, Inc., 805 So.2d 932 (Fla. 2d DCA 2001). However, a trial court's ruling on the meaning of a contract provision, which is a question of law, is reviewed de novo. Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001).
In its order granting injunctive relief, the trial court cited Rath v. Network Marketing, L.C., 790 So.2d 461, 465 (Fla. 4th DCA 2001), in which the Fourth District stated that "courts may grant interim injunctive relief pending arbitration in order to preserve the status quo, but only if the parties' agreements contemplate such relief." (Emphasis added.) Appellants maintain that the operating agreement here did not contemplate such relief in these circumstances. As proof, Appellants point to the following language also found in the arbitration clause of the agreement: "Either party, however, may bring a claim for injunctive relief for unauthorized disclosure or use of proprietary information before a court with jurisdiction without first submitting the claim to arbitration." Appellants point out that a fundamental principle of contract construction is that the expression of one thing is the exclusion of the other, see Shumrak v. Broken Sound Club, Inc., 898 So.2d 1018, 1020 (Fla. 4th DCA 2005), and argue that by specifically authorizing a claim for injunctive relief for unauthorized disclosure or use of proprietary information, but for no other claims, the face of the agreement makes clear that the parties did not contemplate injunctive relief under the instant circumstances. We agree.
Applying the doctrine that the inclusion of one thing is the exclusion of others to the arbitration clause here leads us to conclude that the parties contemplated that only two types of claims would be subject to injunctive relief to maintain the status quo  claims based on unauthorized disclosure and claims based on the use of proprietary information. Because it is not clear that the parties contemplated injunctive relief to maintain the status quo in situations other than unauthorized disclosure or use of proprietary information, pursuant to Rath, 790 So.2d at 465, the trial court here did not have jurisdiction to grant injunctive relief. The order granting the temporary injunction is therefore reversed.
Finally, Appellants point out that Sprint Corp. moved below to be dismissed for lack of personal jurisdiction and that the trial court declined to address the issue. By exercising jurisdiction over Sprint Corp. when issuing the temporary injunction, *528 the trial court implicitly denied Sprint Corp.'s motion to dismiss. However, we note that because Sprint Corp. moved below to enforce the arbitration clause of the parties' operating agreement through its motion to dismiss or stay, it submitted itself to the jurisdiction of the court and waived any objection based on a lack of personal jurisdiction. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998) ("[A] defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to the personal jurisdiction of the court.... We ... hold that a defendant waives a challenge to personal jurisdiction by seeking affirmative relief  such requests are logically inconsistent with an initial defense of lack of jurisdiction."). Since Sprint Corp. sought the affirmative relief of a stay and enforcement of the arbitration clause, it waived the challenge. Accordingly, the trial court's denial of the motion to dismiss is affirmed.
Affirmed in part and reversed in part.
FULMER, C.J., and WALLACE, J., Concur.
NOTES
[1] United Teleservices, Inc., and Sprint-Florida, Inc., are wholly owned subsidiaries of Sprint Corp.
[2] §§ 501.201-.213, Fla. Stat. (2003).