LaROSE, Judge.
A family squabble brings this case to us. Charles Faller, III, appeals a nonfinal order denying his motion to dismiss his parents’ and siblings’ lawsuit seeking to oust him as trustee of several family trusts. Mr. Faller, a Maryland resident, filed a motion to dismiss the complaint for lack of personal jurisdiction and improper venue. In the motion, he also sought a stay, based on comity, because of a similar lawsuit pending in Maryland federal court. See Faller v. Faller, No. DKC 09-0889, 2010 WL 1141202 (D.Md. March 22, 2010).
 At the initial hearing on the motion, the parties recognized that there was insufficient time to address all issues. Mr. Faller asked and the trial court agreed to hear the stay argument first. The trial court denied Mr. Faller’s request for a stay. Twenty days later, the trial court reconvened and heard Mr. Faller’s personal jurisdiction arguments. The trial court ruled that Mr. Faller waived his personal jurisdiction defense by requesting a stay at the first hearing. Mr. Faller appeals. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(i). We review the trial court’s application of law to undisputed facts de novo. See Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010). We reverse.
Mr. Faller waived his personal jurisdiction defense only if he sought affirmative relief from the trial court. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998). “[A]ffirmative relief [is] ‘[r]e-lief for which defendant might maintain an action independently of plaintiffs claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.’ ” Heineken v. Heineken, 683 So.2d 194, 197 (Fla. 1st DCA 1996) (quoting Grange Ins. Assn. v. State, 110 Wash.2d 752, 757 P.2d 933, 940 (1988) (en banc) (quoting Black’s Law Dictionary 56 (5th ed. 1979))). But, defending the case does not waive personal jurisdiction. Berne v. Beznos, 819 So.2d 235, 238 (Fla. 3d DCA 2002) (“[S]o long as the defending party makes a timely objection to personal jurisdiction, the defendant may defend the case without waiving the objection.”); Heineken, 683 So.2d at 197 (stating that defensive actions do not constitute requests for affirmative relief inconsistent with initial defense of lack of jurisdiction). Mr. Faller’s request for a stay was defensive.
The trial court reasoned that a stay request necessarily seeks affirmative relief because it is not a listed defense in Florida Rule of Civil Procedure 1.140(b).[1] Ac *1237 knowledging the supreme court’s holding in Florida Department of Children and Families v. Sun-Sentinel, Inc., 865 So.2d 1278, 1284 (Fla.2004), that a defendant did not waive his objection to personal jurisdiction by seeking a change of venue, the trial court observed that venue is listed in rule 1.140(b). Rule 1.140(b), however, is not an exhaustive list of possible defenses. Rather, the rule, in part, identifies seven defenses that a defendant may raise by motion before pleading. The rule also permits the joinder of defenses. Sun-Sentinel does not support the trial court’s ruling.
Florida courts have recognized various defenses that, when raised, do not waive personal jurisdiction. See, e.g., Babcock, 707 So.2d at 704 (motion for relief from monetary judgments for child support ar-rearages); Banco de Costa Rica v. Rodriguez, 573 So.2d 833, 834 (Fla.1991) (motion to quash a deposition subpoena); Two Worlds United v. Zylstra, 46 So.3d 1175 (Fla. 2d DCA 2010) (motion for section 57.105 attorney’s fees); Berne, 819 So.2d at 237 (answer and motions to dismiss and for summary judgment); Heineken, 683 So.2d at 197 (request in motion to dismiss that trial court order spouse to pay attorney’s fees incurred in prosecuting the motion); Parker v. George S. Heilpern, Trust, 637 So.2d 295, 296 (Fla. 4th DCA 1994) (objection to codefendant’s motion to share in foreclosure proceeds); Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724, 725 (Fla. 3d DCA 1994) (motion for protective order); Permenter v. Feurtado, 541 So.2d 1331, 1331 (Fla. 3d DCA 1989) (motion to stay litigation pending appeal of denial of motion to vacate default and quash service); Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795-96 (Fla. 4th DCA 1987) (answer and compulsory counterclaim).
The trial court also based its ruling on a misinterpretation of Sprint Corp. v. Telimagine, Inc., 923 So.2d 525 (Fla. 2d DCA 2005). Apparently, the trial court saw Sprint as holding that any request for a stay was a request for affirmative relief. This goes too far. Sprint’s request essentially sought to enforce an arbitration agreement. Id. at 528. Sprint was not only asking to stay proceedings but to enforce what it believed to be its contractual right to have the case decided on the merits in arbitration.
Mr. Faller did not ask the court to enforce any contractual or statutory right to which he claimed entitlement. He sought but “a time out” by the trial court so that already-pending litigation in Maryland could be concluded. He combined his personal jurisdiction objection with his stay request in his motion to dismiss. See Fla. R. Civ. P. 1.140(b) (“No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.”). The vagaries of scheduling precluded both grounds to be argued at the same initial hearing. The request for a stay was defensive, raised in the same motion as the personal jurisdiction defense, and was akin to the situations in the cases cited above where our courts have found no waiver of the personal jurisdiction defense.
*1238 Reversed and remanded for further proceedings.
CASANUEVA, C.J., and CRENSHAW, J., Concur.

. Rule 1.140(b) provides, as relevant here, as follows:
Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but *1237 the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties.... No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.