KLINGENSMITH, J.,
dissenting.
In my view, Appellees waived their right to contest personal jurisdiction. It is well-settled that lack of personal jurisdiction is a privileged defense that can be waived “by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.” Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165,168, 60 S.Ct. 153, 84 L.Ed. 167 (1939); see also Leroy v. Great W. United Corp., 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).
As acknowledged by the majority, Ap-pellees filed their notice of intent to use trust funds to pay for attorneys’ fees, and participated in non-jurisdictional discovery with Appellant. Appellees also responded to Appellant’s interrogatory requests without appearing specially, and without raising an objection or moving to stay the discovery before their jurisdictional challenge was resolved. These actions, had they been undertaken in this case, would be the type of defensive actions that would not constitute a waiver of jurisdiction, as contemplated by Brown v. U.S. Bank National Ass’n, 117 So.3d 823, 824 (Fla. 4th DCA 2013). Similarly, Appellees’ notice of intent to use trust funds to pay for fees, filed with the court, is akin to moving the court to grant a request materially beneficial to them, because the notice triggers the right to receive the fees absent an objection by the opposing party. Therefore, it constitutes a submission to jurisdiction. See First Wis. Nat’l Bank v. Donian, 343 So.2d 943, 945 (Fla. 2d DCA 1977).
As such, this case is not like the situation presented in Astra v. Colt Industries Operating Corp., where that defendant “did nothing in the litigation that could constitute a waiver of its objection to personal jurisdiction other than its filing of the original motion[] to dismiss.” 452 So.2d 1031, 1032 (Fla. 4th DCA 1984).
As the Second District has previously noted, “Florida courts have recognized various defenses that, when raised, do not waive personal jurisdiction.” Fatter v. *427 Faller, 51 So.3d 1235, 1237 (Fla. 2d DCA 2011) (motion to stay due to similar lawsuit pending in another jurisdiction) (citing Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998) (motion for relief from monetary judgments for child support arrearages)); Banco de Costa Rica v. Rodriguez, 573 So.2d 833, 834 (Fla.1991) (motion to quash a deposition subpoena); Parker v. George S. Heilpern, Trust, 637 So.2d 295, 296 (Fla. 4th DCA 1994) (objection to codefen-dant’s motion to share in foreclosure proceeds); Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795-96 (Fla. 4th DCA 1987) (answer and compulsory counterclaim); Arch Aluminum & Glass Co. v. Haney, 964 So.2d 228, 235 (Fla. 4th DCA 2007) (compulsory counterclaim); Two Worlds United v. Zylstra, 46 So.3d 1175 (Fla. 2d DCA 2010) (motion for section 57.105 attorney’s fees); Berne v. Beznos, 819 So.2d 235, 237 (Fla. 3d DCA 2002) (answer and motions to dismiss and for summary judgment); Heineken v. Heineken, 683 So.2d 194, 197 (Fla. 1st DCA 1996) (request in motion to dismiss that trial court order spouse to pay attorney’s fees incurred in prosecuting the motion); Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724, 725 (Fla. 3d DCA 1994) (motion for protective order); Permenter v. Feurtado, 541 So.2d 1331, 1331 (Fla. 3d DCA 1989) (motion to stay litigation pending appeal of denial of motion to vacate default and quash service). Appellees’ actions are not analogous to any of these.
Cases from other jurisdictions have also held that defendants waive the defense of lack of personal jurisdiction “by submission through conduct.” See, e.g., Hamilton v. Atlas Turner, Inc., 197 F.3d 58 (2d Cir.1999) (defendant impliedly consented to personal jurisdiction of court by waiting four years after filing answer to file motion to dismiss and participating in extensive pretrial discovery); Cont’l Bank, N.A. v. Meyer, 10 F.3d 1293 (7th Cir.1993) (defendant waived defense of lack of personal jurisdiction by participating in pretrial activities for two and a half years before raising this defense); Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir.1990) (court found defense of lack of personal jurisdiction waived by defendant who participated in discovery and motion practice); Marcial Ucin, S.A. v. S.S. Galicia, 723 F.2d 994, 997 (1st Cir.1983) (court held defendant waived defense of lack of personal jurisdiction because defendant waited four years and attended thirteen depositions before asserting the defense); Kearns v. Ferrari, 752 F.Supp. 749, 752 (E.D.Mich.1990) (court found lack of personal jurisdiction defense waived because defendants waited four years and one defendant filed a motion for partial summary judgment before asserting the defense); In re Fin. Partners Class Action, No. 82 C 6611 (N.D.Ill. Aug. 23, 1985) (court held defense of personal jurisdiction waived because defendant participated in discovery, filed discovery motions, attended status hearings and waited two years to formally assert defense); Pearson v. Lake Forest Country Day Sch., 262 Ill.App.3d 228, 199 Ill.Dec. 324, 633 N.E.2d 1315, 1318 (1994) (finding that defendant’s objection to personal jurisdiction was waived when defendant raised substantive defenses to claims and participated in discovery).
In Florida, “a defendant waives a challenge to personal jurisdiction by seeking affirmative relief,” but not by filing “a defensive motion seeking to avoid the judgments.” Babcock, 707 So.2d at 704-05; see also Faller, 51 So.3d at 1236 (stating that “defending the case does not waive personal jurisdiction” (citing Berne, 819 So.2d at 238; Heineken, 683 So.2d at 197)). The actions taken here by Appel-lees were not merely defensive in nature, but instead indicate a willingness to submit to the jurisdiction of the court through *428 active litigation. See Bailey, Hunt, Jones & Busto v. Scutieri, 759 So.2d 706, 708 (Fla. Bd DCA 2000) (stating that “[t)he longstanding rule in Florida has been that if a defendant files any pleading to merits [sic] of the case the defendant waives all challenges to service of process or jurisdiction”); Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1309 (Fed.Cir.2005) (noting that “a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal”); PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland), 260 F.3d 453, 459 (5th Cir.2001) (acknowledging “well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections”); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir.1998) (“Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation”).
To hold that the privilege of lack of personal jurisdiction may be retained by an appearing defendant for over two years despite actively engaging in non-jurisdictional discovery would be “subversive of orderly procedure and make for harmful delay and confusion.” Cf. Commercial Cas. Ins. Co. v. Consol. Stone Co., 278 U.S. 177, 180, 49 S.Ct. 98, 73 L.Ed. 252 (1929) (statement made in relation to the privilege of venue). See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., No. 99-4042, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (unpublished) (“After its lengthy participation in this litigation ... [defendant] may not pull its personal jurisdiction defense out of the hat like a rabbit.” (internal quotation marks omitted)). Furthermore, similar to the cases of Spearman v. Sterling Steamship Co., 171 F.Supp. 287 (E.D.Pa.1959), and Vozeh v. Good Samaritan Hospital, 84 F.R.D. 143 (S.D.N.Y.1979), parties could be placed at an unfair disadvantage if faced -with the possibility that during any delay the statute of limitations in the other jurisdiction might run, thereby barring their claim should jurisdiction in this forum be successfully challenged.
On these facts, I would reverse the trial court’s final order and find that Appellees’ conduct was sufficiently dilatory and inconsistent with its assertion of lack of in personam jurisdiction to constitute a waiver of the defense.