# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1358
Lower Tribunal No. 15-17351
_____

**Shayeh Dov and Pamela Manson,**
Appellants,

vs.

**Nirestates, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Shayeh Dov and Pamela Manson, in proper persons.

Kahn & Resnik, P.L., and Howard N. Kahn (Dania), for appellee.

Before LOGUE, HENDON, and GORDO, JJ.

HENDON, J.

Shayeh Dov ("Dov") and his wife, Pamela Manson ("Manson"), appeal

from an amended final judgment entered in favor of Nirestates, LLC ("Nirestates").  We affirm the portion of the amended final judgment entered against Dov, but reverse the portion of the amended final judgment entered against Manson and remand for entry of a final judgment consistent with this opinion.

Nirestates filed an amended complaint against Notez, LLC ("Notez"); Dov, who is the manager of Notez; Manson; and others (collectively, "Defendants").[1]  The amended complaint relates to the purchase of promissory notes on properties located in Miramar, Florida, and Miami, Florida.  Nirestates alleged the following counts in the amended complaint:

- Count I—conversion against the Defendants (Miramar Transaction)

- Count II—conversion against the Defendants (Miami Transaction)

- Count III—civil theft under section 772.11, Fla. Statutes, against Dov, seeking treble damages (Miramar Transaction)

- Count IV—civil theft under section 772.11 against Dov, seeking treble damages (Miami Transaction)

---

[1] One of the defendants was voluntarily dismissed from the action prior to the bench trial.  Prior to the commencement of the bench trial, the case against Notez was stayed due to a bankruptcy filing, and Nirestates announced its intention to dismiss the action against Notez if Nirestates prevailed.  Finally, following the bench trial, the trial court found in favor of another defendant—Manson's and Dov's adult daughter.  Thus, the instant appeal was filed only by Dov and Manson.

- Count V—civil conspiracy against the Defendants.

In April 2016, Dov and Notez filed their answer and affirmative defenses, which provide that they were submitted only on behalf of Dov and Notez because "there is no obligation on the part of the other Defendants to respond to this unserved Amended Complaint." In May 2016, a "Return of Non-Service" as to Manson was filed.

Despite never being served with process, in August 2016, Manson filed an answer and affirmative defenses, asserting that she was not validly served with process and, therefore, the trial court lacked jurisdiction over her. Manson asserted the same affirmative defense in her amended answer.

Manson then filed a motion for protective order to block her deposition, a motion to continue trial, a request for admissions, and a verified motion for summary judgment. The trial court denied Manson's motion for summary judgment.

During the bench trial, Manson's counsel moved for an involuntary dismissal after Nirestates rested, arguing, among other things, that Manson was never served with process. The trial court denied the motion.

At the conclusion of the bench trial, the trial court orally ruled that it was (1) finding Dov liable for civil theft, imposing treble damages, and awarding attorney's fees and costs to Nirestates; (2) finding Manson liable for

3

conversion and conspiracy; and (3) reserving ruling as to the counts alleged against Manson's and Dov's adult daughter. Thereafter, the trial court entered a final judgment (1) finding Dov and Manson jointly and severally liable for conversion as alleged in Counts I and II and civil conspiracy as alleged in Count V of the amended complaint, and awarding Nirestates $112,500 in compensatory damages; (2) finding Dov liable of civil theft under section 772.11 as alleged in Counts III and IV, awarding Nirestates $337,500 in treble damages; (3) finding Manson's and Dov's adult daughter not liable; (4) dismissing the action against Notez based on Nirestates' announcement of its intent to voluntarily dismiss the case against Notez if Nirestates prevailed; and (5) awarding $450,000 to Nirestates.

Manson filed a motion for reconsideration, requesting that the trial court vacate the judgment against her and grant her motion for involuntary dismissal, arguing, in part, that she was never served with process and did not waive service of process, relying primarily on Berne v. Beznos, 819 So. 2d 235 (Fla. 3d DCA 2002). Manson also filed a motion for rehearing setting forth the same argument. Dov moved for rehearing and argued, among other things, that the damages should have been $337,500, not $450,000. The trial court denied Manson's motion for rehearing, but granted, in part, Dov's motion for rehearing, reducing the damages in the final judgment from

4

$450,000 to $337,500, and denied the remainder of Dov's motion for rehearing. The trial court entered an amended final judgment, reducing the civil theft damages to $337,500. This appeal follows.

Manson argues that the amended final judgment entered against her for two counts of conversion and one count of conspiracy must be reversed because Nirestates failed to serve her with process and, therefore, the judgment against her is void. We agree.

Despite numerous attempts by Nirestates, Manson was never served with process, and therefore, she was not required to serve an answer. See Fla. R. Civ. P. 1.140(a)(1) (providing, in part, that "a defendant must serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice of publication"). Nonetheless, she opted to file an answer and asserted as an affirmative defense that she was not validly served with process, and therefore, the trial court lacked jurisdiction over her.

Manson argues that she did not waive her objection relating to service of process by participating in the trial. In support of this argument, Manson relies on this Court's decision in Berne. Mr. Berne, who was the defendant below, appealed the denial of his motion to quash service of process. Id. at 236. The plaintiff below, Mr. Beznos, acknowledged that the defendant

5

timely objected to the service of process, but argued that the defendant waived the objection because after raising his objection, he filed pleadings, propounded discovery, and filed motions to dismiss and for summary judgment. This Court rejected the plaintiff's argument, stating that, "if a defending party timely raises an objection to personal jurisdiction or service of process, then that defendant may plead to the merits and actively defend the lawsuit without waiving the objection," id. at 238, but if the defending party also seeks affirmative relief, such as asserting a permissive counterclaim, the defending party then waives the objection to personal jurisdiction. Id. at 237-38; see also Babcock v. Whatmore, 707 So. 2d 702, 704 (Fla. 1998) (holding that a defendant "waives a challenge to personal jurisdiction by seeking affirmative relief" because "such requests are logically inconsistent with an initial defense of lack of jurisdiction"); Solmo v. Friedman, 909 So. 2d 560, 564 (Fla. 4th DCA 2005) ("Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court's jurisdiction and waiver of any objection.").

Other cases from this Court and our sister courts have cited to Berne for those propositions. See Sampson Farm Ltd. P'ship v. Parmenter, 238 So. 3d 387, 391-92 (Fla. 3d DCA 2018) (indicating Sampson Farm first raised

6

objection to personal jurisdiction in a motion to dismiss, and after the motion was denied, reasserted the objection in the first responsive pleading; this Court reversed trial court's determination that Sampson Farm waived challenge to personal jurisdiction by filing post-denial answer and affirmative defenses and by moving for summary judgment); Murphy v. Cach, LLC, 230 So. 3d 599, 601 (Fla. 5th DCA 2017) (reversing denial of defendant's motion to quash service of process, holding that "[a] defendant who asserts a timely challenge to personal jurisdiction may defend the matter on the merits without waiving his or her personal jurisdiction objection, as long as the defendant does not seek affirmative relief"); Faller v. Faller, 51 So. 3d 1235, 1237-38 (Fla. 2d DCA 2011) (reversing nonfinal order denying motion to dismiss action for lack of personal jurisdiction, concluding that trial court erroneously determined that a request for a stay seeks affirmative relief); Alvarado v. Cisneros, 919 So. 2d 585, 587-88 (Fla. 3d DCA 2006) (indicating defendants' motion to quash service of process was denied by trial court, and instead of filing interlocutory appeal, defendants answered amended complaint, asserted lack of personal jurisdiction as affirmative defense, and proceeded to trial, resulting in a jury verdict in favor of the plaintiff; this Court reversed final judgment entered against the defendants, finding that the defendants did not waive objection to personal jurisdiction because

7

defending party can plead to the merits and actively defend lawsuit without waiving objection).

In the instant case, Manson filed her answer asserting the affirmative defense and asserted the defense once again in her amended answer. Thereafter, she filed a motion for protective order to block her deposition, a motion to continue trial, a request for admissions, and a verified motion for summary judgment, which addressed that there is insufficient proof as to the conspiracy and conversion claims asserted against her. Further, during trial, she did not call any witnesses. These actions are defensive in nature, and therefore, she did not waive her objection relating to service of process. Accordingly, we reverse the portions of the amended final judgment finding Manson liable, and do not need to address the remaining arguments relating solely to Manson.

We affirm the portions of the final amended judgment relating to Dov as the arguments do not merit discussion. On remand, the trial court is instructed to enter a final judgment consistent with this opinion.

Affirmed, in part; reversed, in part; remanded for entry of final judgment consistent with this opinion.

8