# Third District Court of Appeal
## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0020
Lower Tribunal No. 22-4345
_____

## B. Little & Company, Inc., etc.,
Appellant,

vs.

## Choi Wai Printing (Hong Kong) Limited, etc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Law Office of Kathleen A. Daly, P.A., and Kathleen A. Daly (West Palm Beach), for appellant.

Sprechman & Fisher, P.A., and Stacey S. Fisher, for appellee.

Before EMAS, HENDON and BOKOR, JJ.

BOKOR, J.

Appellant B. Little & Company appeals the trial court's order denying its motion to dismiss a breach of contract complaint for lack of personal jurisdiction and forum non conveniens. The parties are both foreign corporations that don't conduct any business in Florida or maintain any physical presence in Florida. B. Little employs staff, maintains a physical presence, and conducts business in New York. The contract at issue, which pertains to product manufacturing, contains an arbitration clause requiring disputes to be arbitrated in New York, and does not contemplate any business occurring in Florida. The only tangential connection to Florida consists of the owner of B. Little renting a personal residence in the state. We review a denial of a motion to dismiss for lack of personal jurisdiction de novo. See, e.g., Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002). We review a denial of a motion to dismiss based on forum non conveniens under an abuse of discretion standard. See, e.g., Ryder Sys., Inc. v. Davis, 997 So. 2d 1133, 1134 (Fla. 3d DCA 2008). Upon review of the record, we conclude that the trial court should have granted B. Little's motion to dismiss based on forum non conveniens.

First, we examine whether the trial court properly asserted personal jurisdiction over the defendants. The record evidence establishes, without any contradiction from Choi Wai Printing (the appellee and plaintiff below),

2

no minimum contacts within Florida.  See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  However, if B. Little sought affirmative relief from the trial court prior to asserting a lack of personal jurisdiction, then B. Little submitted to the personal jurisdiction of the court.  "Affirmative relief is best defined as relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery . . . ."  Sampson Farm Ltd. P'ship v. Parmenter, 238 So. 3d 387, 392 (Fla. 3d DCA 2018) (quotation and citation omitted); see also Babcock v. Whatmore, 707 So. 2d 702, 704 (Fla. 1998) ("Personal jurisdiction may be waived by formal submission in a cause, or by submission through conduct.") (quotation omitted); Sprint Corp. v. Telimagine, Inc., 923 So. 2d 525, 528 (Fla. 2d DCA 2005) (citing Babcock and explaining "that because Sprint Corp. moved below to enforce the arbitration clause of the parties' operating agreement through its motion to dismiss or stay, it submitted itself to the jurisdiction of the court and waived any objection based on a lack of personal jurisdiction").

After filing an answer and affirmative defenses (which failed to raise lack of personal jurisdiction), B. Little filed a motion to compel arbitration (which again failed to raise lack of personal jurisdiction).  B. Little finally raised lack of personal jurisdiction as a defense in an amended answer.  Under the test expressed in Parmenter, B. Little's motion to compel

3

arbitration, filed prior to asserting a lack of personal jurisdiction in a subsequent amended answer, constituted affirmative relief and waiver. "If a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction." Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So. 2d 794, 795 (Fla. 4th DCA 1987). "The first step a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived." Id. In examining the record before us, answering the complaint and seeking affirmative relief in the form of a motion to compel arbitration prior to any objection based on lack of personal jurisdiction constitutes a waiver of the right to challenge personal jurisdiction. See id.; Fla. Dept. of Child. & Fams. v. Sun-Sentinel, Inc., 865 So. 2d 1278, 1283–84 (Fla. 2004) (finding no waiver of personal jurisdiction where a party seeks to transfer venue *after* raising a challenge to personal jurisdiction; distinguishing from cases where a court found waiver of personal jurisdiction where a party seeks affirmative relief *prior to* challenging jurisdiction); Gannon v. Cuckler, 281 So. 3d 587, 593 (Fla. 2d DCA 2019) (finding waiver where defense of personal jurisdiction was not raised in answer or motion *preceding* answer).

4

Accordingly, the trial court correctly denied the motion to dismiss for lack of personal jurisdiction.

Next, we examine the issue of forum non conveniens. We review the trial court's analysis of the Kinney factors for abuse of discretion. See Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996) (articulating factors to be considered by the trial court in exercising its discretion to dismiss due to forum non conveniens); see also Fla. R. Civ. P. 1.061(a) (codifying same factors; providing that trial court's decision to grant or deny motion to dismiss for forum non conveniens "rests in the sound discretion of the trial court, subject to review for abuse of discretion"). In reviewing the record presented to the trial court, no fact or argument presented supports Florida as a more convenient forum.

The record establishes, without contradiction, that New York is an adequate forum, and the private and public interests overwhelmingly lead to the conclusion that this case should be adjudicated in New York. Because the overwhelming weight of the Kinney factors favor the case being resolved in New York instead of Florida, we reverse and remand for entry of an order of dismissal on that basis. See Rolls-Royce, Inc. v. Garcia, 77 So. 3d 855, 860 (Fla. 3d DCA 2012) (noting that the deference typically afforded to a plaintiff's choice of forum does not apply in an action involving out-of-state

entities with little or no contact with Florida; reversing denial of dismissal due to forum non conveniens where neither party had any connections to Florida except for plaintiffs' counsel being located in Florida); <u>Tananta v. Cruise Ships Catering and Servs. Int'l, N.V.</u>, 909 So. 2d 874, 888 (Fla. 3d DCA 2004) (dismissing due to forum non conveniens as to action brought by foreign seamen with no ties to Florida except for conducting business in the United States generally). Therefore, we conclude that the record mandated that the trial court grant the motion to dismiss based on forum non conveniens and reverse and remand for dismissal on that basis.

Affirmed in part, reversed in part, and remanded.